UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TERA HARRIS,

        Plaintiff,

   v.

MULTNOMAH SHERIFFS DEPARTMENT; and CITY CENTRAL CONCERN,

        Defendants.

Case No. 3:22-cv-00570-MK

ORDER

KASUBHAI, Magistrate Judge.

Plaintiff, an inmate housed at Multnomah County Inverness Jail, filed suit under 42 U.S.C. § 1983 and alleges civil rights violations against the Multnomah County Sheriff's Office and Central City Concern[1] arising from her return to custody. Plaintiff's Amended Complaint does not state a viable claim under § 1983 and she is allowed the opportunity to amend her allegations.

---

[1] Plaintiff names City Central Concern as a defendant; the correct name of the agency is Central City Concern.

- 1 -    ORDER

This Court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Plaintiff alleges that she was released from custody pursuant to an "ROI" agreement and placed with Central City Concern, a non-profit agency that provides housing assistance and other programs. For reasons that are unclear, plaintiff alleges that she was returned to custody at the Multnomah County Inverness Jail, and that her medical condition places her at high risk of contracting COVID-19. Plaintiff's Complaint is deficient in several respects.

To state a civil rights claim under § 1983, plaintiff must allege that 1) a "person" acting under color of law 2) deprived her of a federal constitutional right. 42 U.S.C. § 1983; *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011). Central City Concern is not a "person" and plaintiff does not allege that any official at Central City Concern took any action against her in violation of federal law.

Plaintiff also names the Multnomah County Sheriff's Department as a defendant. To proceed against Multnomah County, plaintiff must allege facts giving rise to a reasonable inference that (1) Multnomah County had a policy, custom, or widespread practice that was the moving force behind the violation of her constitutional rights; (2) Multnomah County failed to properly train its officers and the failure to train amounts to deliberate indifference to plaintiff's rights; or (3) the individual who violated plaintiff's constitutional rights had final policy-making authority or ratified a subordinate's unconstitutional decision or action and the basis for it. *Rodriguez v. Cty. of Los Angeles,* 891 F.3d 776, 802-03 (9th Cir. 2018). Plaintiff fails to allege facts giving rise to a reasonable inference that Multnomah County violated her constitutional rights pursuant to an unconstitutional policy or custom, as the result of a failure to train its officers, or by an officer with final policy-making authority. In fact, plaintiff does not allege facts indicating that a Multnomah County official took action against her or how those actions violated her federal constitutional rights.

Finally, plaintiff is advised that any challenge to the legality of her custody must be raised in a petition for writ of habeas corpus rather than in a civil rights action under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990).

Plaintiff's Complaint does not state a viable cause of action, and she is allowed the opportunity to amend her allegations. If plaintiff intends to pursue a § 1983 civil rights action in this Court, she must file an Amended Complaint and indicate: (1) the constitutional right or federal law plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual caused the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct.

CONCLUSION

Within 30 days from the date of this Order, plaintiff shall file an Amended Complaint curing the deficiencies of her allegations as noted above. Plaintiff is advised that the failure to do so will result in the dismissal of this proceeding.

IT IS SO ORDERED.

DATED this <u>17th</u> day of June 2022.

<u>s/ Mustafa T. Kasubhai</u>
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
