UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| TERA HARRIS, | Case No. 3:22-cv-00570-MK |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| MULTNOMAH SHERIFF'S DEPARTMENT and CITY CENTRAL CONCERN, | |
| Defendants. | |

AIKEN, District Judge.

Plaintiff, an inmate in the custody of the Multnomah County Sheriff's Office (MCSO), filed suit under 42 U.S.C. § 1983 and alleged civil rights violations against MCSO and Central City Concern[1] arising from her return to custody. Plaintiff's Complaint did not state a viable claim under § 1983 and she was allowed the opportunity to amend her allegations. Plaintiff timely filed an Amended Complaint, and it was referred to the undersigned for final disposition.

---

[1] Plaintiff names City Central Concern as a defendant; however, the correct name of the agency is Central City Concern.

- 1 -   ORDER OF DISMISSAL

Plaintiff alleges that she was released from MCSO custody and placed with Central City Concern, a non-profit agency that provides housing assistance and other programs. Plaintiff alleges that defendants "made a secret determination" that she was "guilty of authorized absences from treatment classes" and returned her to MCSO custody, despite the fact that she had medical authorization to miss treatment classes because her medical conditions placed her at risk of contracting COVID-19. Am. Compl. at 3. Plaintiff claims that defendants' actions violated her due process rights and discriminated against her in violation of the Americans With Disabilities Act (ADA).

To state a civil rights claim under § 1983, plaintiff must allege that 1) a "person" acting under color of law 2) deprived her of a federal constitutional right. 42 U.S.C. § 1983; *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011). As plaintiff was advised previously, Central City Concern is not a "person" action under color of law within the meaning of § 1983. Further, to proceed against Multnomah County, plaintiff must allege facts giving rise to a reasonable inference that (1) Multnomah County had a policy, custom, or widespread practice that was the moving force behind the violation of her constitutional rights; (2) Multnomah County failed to properly train its officers and the failure to train amounts to deliberate indifference to plaintiff's rights; or (3) the individual who violated plaintiff's constitutional rights had final policy-making authority or ratified a subordinate's unconstitutional decision or action and the basis for it. *Rodriguez v. Cty. of Los Angeles,* 891 F.3d 776, 802-03 (9th Cir. 2018). Plaintiff fails to allege facts giving rise to a reasonable inference that Multnomah County violated her constitutional rights pursuant to an unconstitutional policy or custom, as the result of a failure to train its officers, or by an officer with final policy-making authority.

- 2 -    ORDER OF DISMISSAL

Plaintiff also fails to allege facts suggesting that either defendant violated the ADA by excluding her from participating in or denying her the benefits of County services, programs, or activities, or by otherwise discriminating against her because of a disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004). Rather, plaintiff alleges that defendants made an unwarranted decision about her attendance at treatment classes that led to her return to custody.

Ultimately, plaintiff challenges her custody status, and any challenge to the fact or legality of her custody must be raised in a petition for writ of habeas corpus rather than in a civil rights action under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990). Plaintiff is further advised that she must exhaust her state court remedies before bringing a federal habeas action challenging the fact or legality of her confinement.

## CONCLUSION

Plaintiff fails to state a viable claim for relief under § 1983 and this action is DISMISSED, with prejudice. Any appeal of this Order or Judgment dismissing this action would be frivolous or not taken in good faith, and plaintiff's IFP status is REVOKED.

IT IS SO ORDERED.

DATED this 17th day of November, 2022.

/s/Ann Aiken
Ann Aiken
United States District Judge

- 3 -   ORDER OF DISMISSAL